

JUDGE MARRERO   08 CIV 5306

UNTIED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STORMHALE, INC.<br><br>Plaintiff,<br><br>vs.<br><br>BAIDU.COM, INC.<br><br>Defendant | Case No.:_____<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT |

RECEIVED JUN 10 2008 U.S.D.C. S.D. N.Y. CASHIERS

Plaintiff, by counsel, alleges as follows:

## INTRODUCTION

1. This litigation seeks relief against an ongoing infringement of Plaintiff's copyrights in a number of music works ("Copyrighted Works"). Defendant allowed the internet users to directly listen to and download Copyrighted Works on Defendant's website without Plaintiff's authorization. Plaintiff seeks declaratory, injunctive and monetary relief for willful copyright infringement.

## NATURE OF THE ACTION

2. Plaintiff brings this action seeking declaratory, injunctive and monetary relief against Defendant Baidu.com, Inc. ("Baidu"), a publicly-held company which operates an internet site at http://www.baidu.com. At this internet site, Defendant allows users to listen to the Copyrighted Works and also displays the direct links for users to download the Copyrighted Works.

3. Plaintiff has the copyrights in the Copyrighted Works. At no time has Plaintiff ever authorized Defendant to reproduce, sell, distribute, publicly display, or publicly perform any of the Copyrighted Works.

4. Under Section 106 of the Copyright Act of 1976, 17 U.S.C. § 101 et seq. (the "Copyright Act"), Plaintiff has the exclusive rights to, among other things, to make reproduction, publicly perform, and display their copyrighted works. 17 U.S.C. §§ 106(1), (4), (5).

5. Plaintiff seeks a declaration that Defendant's conduct willfully infringes Plaintiff's copyrights, an injunction requiring Defendant to prevent or cease its infringement of Plaintiff's copyrights. Plaintiff prays for damages for Defendant's past and present willful infringement in the amount specified in Section 504 of the Copyright Act.

## JURISDICTION AND VENUE

6. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*

7. This Court has original subject matter jurisdiction over all claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Defendant. Defendant conducts continuous and systematic business in New York and this District. In addition, Plaintiff has its principal places of business in New York and in this District, and has been injured in New York by Defendant's infringing conduct.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because (i) Defendant conducts business in this District and (ii) Defendant's action has injured Plaintiff, who conducts substantial business in this District.

## PARTIES

10. Plaintiff Stormhale, Inc. ("Stormhale"), is a New York corporation with its principal place of business in New York, New York.

11. Plaintiff is engaged in the business of distributing and selling music works on phonorecords (as defined in 17 U.S.C. § 101). These phonorecords include any object that contains a sound recording, such as a computer audio file and audio CD. Plaintiff also offers audio clips of many of its most popular music works through its own website, www.stormhale.com. Plaintiff derives revenue and other benefits from the internet traffic generated by the availability of these audio clips on its website.

12. Defendant's conduct directly and secondarily infringes Plaintiff's copyrights in Copyrighted Works.

13. Upon information and belief Defendant is a foreign corporation that conducts continuous and systematic business in New York. Defendant also has its securities listed on the NASDAQ Global Market.

14. Defendant operates a website located at www.baidu.com, one of the most prominent and popular websites on the internet. Defendant's value, however, is built largely on the unauthorized appropriation and exploitation of copyrighted works belonging to others, especially Plaintiff's.

## DEFENDANT AND THE INFRINGING CONDUCT

15. Defendant allows the internet users to search the Copyrighted Works and directly listen to the Copyrighted Works on its website www.baidu.com. Defendant also publicly displayed the direct links of the Copyrighted Works on its website so that the users can download them.

16. Defendant exercises substantial and continuing control over the continuing acts that form the subject matter of this complaint. On information and belief, Defendant continues to withhold measures to prevent the massive copyright infringement known to be taking place on its website. Defendant allows a feature on its website whereby a search for a music work returns a number of direct links for listening to and downloading the searched music work, thereby participating in, inducing, contributing to, and profiting from the infringement. Additional massive damages to Plaintiff and others have been caused by Defendant's preservation and backing of the infringing business model.

17. Defendant publicly displays the downloading links of the Copyrighted Works for the purpose of helping users find what they are searching for. Defendant provides a list of links of matching music works in the user's search results, and the user can select and listen to a song from the list of matches by clicking on the link created and supplied by Defendant for this purpose. Defendant then publicly performs the chosen song on its website. Defendant also allows the user to save the chosen matches under one program called "Music Box" on its website and the user can listen to the saved songs through the said

"Music Box" program at any time of his or her desire. Defendant, through its website, commits the infringing linking, public performance, and public display of Plaintiff's Copyrighted Works.

18. Defendant and its users have not received a valid license, authorization, permission or consent to use the Copyrighted Works of Plaintiff that have appeared and continue to appear on the Defendant's website and are at issue in this action. Instead, in violation of Plaintiff's rights under copyright law, Defendant has willfully, intentionally, and purposefully reproduced, publicly performed, and publicly displayed the Copyrighted Works, and/or knowingly facilitated, enabled, induced, and materially contributed to infringing uses thereof, and/or refused to exercise its ability to control or supervise infringing uses thereof from which it obtains direct financial benefits.

19. Defendant has actual knowledge and clear notice of this massive infringement, which is obvious to even the most casual visitor to the site.

20. Defendant profited from the infringement of Plaintiff's Copyrighted Works, and received financial benefits directly attributable to the infringing activity. Defendant has built an infringement-driven business by exploiting the popularity of Plaintiffs' Copyrighted Works (and the works of other copyright owners) to draw millions of users to its website.

21. Defendant has failed to take reasonable measures to prevent infringement of Plaintiff's copyrights.

## CLAIMS FOR RELIEF

### COUNT I

(Copyright Infringement-Public Display)

22. Plaintiff incorporates by reference paragraphs 1 - 21 as if set forth herein.

23. Defendant, without the permission or consent of Plaintiff, and without authority, is publicly displaying and purporting to authorize the public display of Plaintiff's Copyrighted Works. Defendant causes these works to be publicly displayed by showing individual links of audio clips in response to searches for audio on Defendant's website and allowing the users to directly listen to these works on Defendant's website. Defendant's conduct constitutes direct infringement of Plaintiff's exclusive rights under the Copyright Act to publicly display its Copyrighted Works.

24. Defendant's acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of Plaintiff.

25. As a direct and proximate result of Defendant's infringement of Plaintiff's copyrights and exclusive rights under copyright laws, Plaintiff is entitled to the damages pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to the actual damages plus Defendant's profits from infringement, as will be proven at trial.

26. Defendant's conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction requiring Defendant to employ reasonable methodologies to prevent or limit infringement of Plaintiff's copyrights.

## COUNT II

(Copyright Infringement – Reproduction)

27. Plaintiffs incorporate by reference paragraphs 1 - 26 as if set forth herein.

28. Defendant, without authority, is making, causing to be made, and purporting to authorize the making of unauthorized copies of Plaintiff's Copyrighted Works. Defendant's conduct constitutes direct infringement of Plaintiff's exclusive right under the Copyright Act to reproduce its copyrighted works.

29. Defendant's acts of infringement have been willful, intentional, and purposeful, in disregard of and indifferent to the rights of Plaintiff.

30. As a direct and proximate result of Defendant's infringement of Plaintiff's copyrights and exclusive rights under copyright laws, Plaintiff is entitled to damages pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to the actual damages plus Defendant's profits from infringement, as will be proven at trial.

31. Defendant's conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction requiring Defendant to employ reasonable methodologies to prevent or limit infringement of Plaintiff's copyrights.

## JURY DEMAND

Plaintiff hereby demands trail by jury.

## RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. For a declaration that Defendant willfully infringes Plaintiffs' copyrights both directly and secondarily.

B. For a preliminary and permanent injunction requiring that Defendant and its agents, employees, officers, licensees, and assigns, and other persons acting in concert or participation with or for any of them, cease directly or indirectly infringing, facilitating, or participating in the infringement of, any of Plaintiff's respective copyrights or exclusive rights protected by the Copyright Act, whether now in existence or hereafter created.

C. For damages pursuant to pursuant to 17 U.S.C. § 504(b), for actual damages plus Defendant's profits from infringement, as will be proven at trial.

D. For pre- and post-judgment interest according to law.

E. For such other and further relief as the Court may deem just and proper.

Dated: New York, New York

    June 9, 2008

                                Respectfully Submitted,

                                Bernard & Yam, LLP

By: _____
Man C. Yam (MY 6266)
401 Broadway, 1708
New York, NY 10013
(212) 219-7783 (phone)
(212) 219-3604 (fax)
man.yam@bernardyam.com